UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS STINSON,

                Plaintiff,

      -against-

CUCF,

                Defendant.

**ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651**

22-CV-7621 (PGG)

PAUL G. GARDEPHE, United States District Judge:

On March 10, 2022, Plaintiff was barred, under 28 U.S.C. § 1651, from filing new actions in forma pauperis (IFP) "asserting claims of employment discrimination and retaliation against the City University of New York (CUNY) and its employees regarding Plaintiff's prior employment at CUNY" without first obtaining from the court leave to file. See Stinson v. CUNY, No. 21-CV-6942 (LLS), 2022 WL 347805, at *1, 4 (S.D.N.Y. Feb. 3, 2022), appeal dismissed, No. 22-554, 2022 WL 2125566 (2d Cir. Apr. 15, 2022) (dismissing complaint naming CUNY, the CUNY Construction Fund (CUCF), and two individuals), appeal withdrawn, 22-554 (2d Cir. Apr. 15, 2022).[1]

Plaintiff files this new pro se case against the CUCF, asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981; the New York City Human Rights Law; the New York State Human Rights Law; and the New York State Civil Service Law. . (Cmplt. (Dkt. No. 2) at 9)  He also seeks IFP status.  (Dkt. No. 1)  Plaintiff asserts that the Equal Employment Opportunity Commission issued a notice of right to sue on August 2, 2022, arising out of an amended charge that he filed "to include new events and the CUCF." (Cmplt. (Dkt. No. 2) at 9)

---

[1] Before issuing the bar order, the court listed five prior cases Plaintiff filed in this Circuit arising out of his 2017 firing, and gave him an opportunity to show cause why a bar order should not issue. Stinson, No. 21-CV-6942 (LLS), 2022 WL 347805, at *2-4.

According to Plaintiff, he "did not have a full and fair opportunity" in his prior cases to litigate his claims against the CUCF, because CUNY and the Research Foundation of CUNY fraudulently concealed the fact that Judith Bergtraum, Vincent Green, and John Antonelli were CUCF employees "for the purposes of litigation."[2]  (Cmplt. (Dkt. No. 2) at 3 n.1)  Plaintiff further asserts that this new complaint "DOES NOT allege any 'claims of employment discrimination and retaliation against CUNY and its employees.'"  (Cmplt. (Dkt. No. 2) at 9)

    Plaintiff's assertions notwithstanding, the Court finds that this action is not a departure from his pattern of vexatious and frivolous filings arising from his former employment at CUNY.  Plaintiff is essentially inviting this Court to review the dispositions of prior cases that have already been adjudicated and are now closed.  The Court therefore dismisses the action without prejudice.

    The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   New York, New York
          October 11, 2022

_____
Paul G. Gardephe
United States District Judge

---

[2] Plaintiff named Bergtraum, Antonelli, and Green as defendants in prior actions.  See, e.g. Stinson v. City Univ. of New York, No. 17-CV-3949 (KBF), 2018 WL 2727886, at *1 (S.D.N.Y. June 6, 2018).